IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ELIZABETH ORANGE,                :

    Plaintiff,              :

vs.                              :         CA 10-0564-C

MICHAEL J. ASTRUE,               :
Commissioner of Social Security,
                                 :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action, pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 16 & 17 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's brief, and the Commissioner's brief,[1] it is determined that the

---

[1] The parties waived oral argument in this case. (Doc. 15; *compare id. with* Doc. 18.)

1

Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleges disability due to congestive heart failure, hypertension, asthma, chronic obstructive pulmonary disease, obesity, and borderline intellectual functioning. The Administrative Law Judge (ALJ) made the following relevant findings:

> **2. The claimant has the following severe impairments: history of congestive heart failure, hypertension, asthma and chronic obstructive pulmonary disease, obesity, borderline intellectual functioning and polysubstance abuse (20 CFR 416.921).**
>
> The above impairments cause significant limitation in the claimant's ability to perform basic work activities.
>
> . . .
>
> **3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).**
>
> . . .
>
> **4. The claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 416.967(a) (sic). The claimant can sit, stand and/or walk at least two hours at a time and up to six hours total during an entire eight-hour workday; she can frequently lift and/or carry 10 pounds and occasionally lift and/or carry up to 20 pounds. The claimant's residual functional capacity is not further reduced as the result of other non-exertional limitations.**

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 16 & 17 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

. . .

**5.     The claimant has no past relevant work (20 CFR 416.965).**

The phrase "past relevant work" is defined in the Regulations at 20 CFR 416.965. The work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity. The claimant has worked as a hand packager, as a kitchen helper and as a cleaner/housekeeper; however, the claimant has no past work which meets all requirements for past relevant work.

**6.     The claimant was born on January 4, 1966 and was 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).**

**7.     The claimant has a limited education and is able to communicate in English (20 CFR 416.964).**

**8.     Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).**

**9.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).**

. . .

If the claimant had the residual functional capacity to perform the full range of sedentary (sic) work, a finding of "not disabled" would be directed by Medical-Vocational Rule 201.24 (sic); however, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary (sic) occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as Cafeteria Attendant, listed at Dictionary

3

of Occupational Titles (DOT) 311.677-014 with approximately 172,000 such jobs in the national economy; Parking Lot Attendant, DOT 915.478-010 with approximately 45,000 such jobs in the national economy; and Cleaner/Housekeeper, DOT 323.687-014 with approximately 177,000 such jobs in the national economy. The vocational expert testified that these jobs were unskilled and performed at the light level of exertion.

. . .

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule (sic).

**10. In arriving at the statement of residual functional capacity herein, I have taken notice of Public Law 104-121, Section 105 and 20 CFR 416.935. Because this legislation and its implementing regulations contemplate that a claimant's residual functional capacity is to be determined without regard to the effects of alcohol or substance abuse/addiction, if any, it is noted that I have specifically devoted the assessment of residual functional capacity of this decision exclusive of such medically-determinable conditions, where the same was a part of, or mentioned in, the record medical evidence.**

**11. The claimant has not been under a disability, as defined in the Social Security Act, since January 26, 2007, the date the application was filed (20 CFR 416.920(g)).**

(Tr. 13, 14, 15, 20 & 21 (emphasis in original).) The Appeals Council affirmed the ALJ's decision (Tr. 1-3) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In supplemental security income cases where the claimant has no past vocationally-relevant work, as here (*see* Tr. 20), it is the Commissioner's burden to prove that the claimant is capable of performing work which exists in significant numbers in the

4

national economy. *See Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The ALJ's articulation of specific jobs the claimant is capable of performing must be supported by substantial evidence. *Id*. (citation omitted). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[3]

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform those light jobs identified by the vocational expert ("VE"), is supported by substantial evidence. In this case, plaintiff contends that the ALJ made the following errors: (1) he erred in adopting the conclusions of a non-acceptable state agency non-medical source to support a finding that she can perform light work; and (2) he erred in failing to order a consultative medical examination. Because the ALJ erred in relying upon the physical residual functional capacities evaluation completed by a disability specialist and, as well, upon an incomplete mental residual functional capacity assessment and an improper hypothetical

---

[3] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

posed to the vocational expert,[4] this Court does not consider the second assignment of error raised by the plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir.

---

[4]	The Commissioner parenthetically argues that by not challenging the ALJ's findings as to her mental residual functional capacity, plaintiff has waived all such issues that might exist. (Doc. 19, at 3 n.3, citing *Tanner Advertising Group, L.L.C. v. Fayette County, GA*, 451 F.3d 777, 785-786 (11th Cir. 2006) and *Petteway v. Commissioner of Social Security*, 353 Fed.Appx. 287, 290 n.2 (11th Cir. 2009).) Because the ALJ's failure to incorporate into his hypothetical to the VE the mental limitations of record serves as the basis for this Court to find that the hypothetical posed to the VE was incomplete and, therefore, improper, the undersigned obviously disagrees with the defendant's position that plaintiff has waived her arguments in this regard. More to the point, this Court cannot divorce "mental" residual functional capacity from "physical" residual functional capacity since the ALJ must necessarily combine both in determining that a claimant has the residual functional capacity to perform work which exists in significant numbers in the national economy. *Compare Watson v. Astrue*, 376 Fed.Appx. 953, 955 n.5 (11th Cir. 2010) ("Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. As to physical abilities, the RFC assesses the claimant's ability to do things like sit, stand, walk, lift, carry, push or pull. As to mental abilities, the RFC assesses the claimant's ability to do things like understand, remember or carry out instructions or respond appropriately to supervision, co-workers or work pressures. The ALJ's finding as to a claimant's RFC is based on all the relevant evidence in the record, including any medical evidence, and is used in steps four and five of the sequential evaluation [process] to determine whether the claimant can do his past relevant work or any other work." (internal citations omitted)); *Robinson v. Astrue*, 365 Fed.Appx. 993, 998 (11th Cir. 2010) ("An assessment of a claimant's residual functional capacity is based upon all of the relevant evidence and measures a claimant's ability to do work despite her impairments. The ALJ makes this determination by considering the claimant's ability to 'meet the physical, mental, sensory, and other requirements of work.'" (internal citations omitted)); and *Humphries v. Barnhart*, 183 Fed.Appx. 887, 890 (11th Cir. 2006) ("In determining whether a claimant is disabled for purposes of the Social Security Act, the ALJ is required to include an assessment of the claimant's RFC to determine whether the claimant can do her past relevant work or can make an adjustment to other work. The RFC assessment is based on all the relevant medical and other evidence in the case record." (internal citations omitted)) *with* 20 C.F.R. § 416.920(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in § 416.945. . . . We use our residual functional capacity assessment at the . . . fifth step of the sequential evaluation process . . . to determine if you can adjust to other work[.]"); and 20 C.F.R. § 416.945(a)(1) & (4) ("Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is the most you can still do despite your limitations. We will assess your residual functional capacity based on all the relevant evidence in your case record. . . . When we assess your residual functional capacity, we will (Continued)

1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen supra*, 880 F.2d at 1201 (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given her age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). Stated differently, the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

In attempting to establish plaintiff's "physical" residual functional capacity, the ALJ in this case heavily relied upon the physical residual functional capacity assessment completed by disability specialist Jacqueline Wheeler (*compare* Tr. 15 ("**The claimant has the residual functional capacity to perform a full range of light work as defined in 20 CFR 416.967(a)** (sic)**. The claimant can sit, stand and/or walk at least two hours at a time and up to six hours total during an entire eight-hour workday; she**

---

consider your ability to meet the physical, mental, sensory, and other requirements of work[.]"). Accordingly, because the plaintiff has challenged the residual functional capacity finding of the ALJ, this Court must necessarily be satisfied that there is substantial evidence of record which supports the ALJ's determination that plaintiff retains the physical *and* mental capacity to perform those light jobs which exist in significant numbers in the national economy. Because such evidence does not exist, this cause is due to be reversed and remanded for further proceedings not inconsistent with this decision.

**can frequently lift and/or carry 10 pounds and occasionally lift and/or carry up to 20 pounds.**") and Tr. 38 ("[A]ssume [] I find . . . [t]hat this hypothetical person can perform a full range of light work, with mild to moderate postural limitations[,] [w]ith mild to moderate manipulative limitations[,] [and] [e]nvironmental limitations would be avoid dangerous and hazardous machinery, fumes, [and] the extremes of heat and cold. ") *with* Tr. 229-236 (Wheeler's physical residual functional capacity assessment wherein the disability specialist notes Orange can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, sit, stand and/or walk up to six hours total during an entire eight-hour workday, and that she should avoid concentrated exposure to extremes of cold and heat)). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician;[5] instead, this fifth-step burden must be supported by the residual functional capacity (and pain) assessment of a treating or examining physician. The lack of a physical residual functional capacity assessment from a treating or examining physician rings much louder in this case because of the ALJ's clear reliance upon a physical RFC assessment completed by a disability specialist, an assessment which is entitled to absolutely no evidentiary weight. *See, e.g., Bolton v. Astrue*, 2008 WL 2038513, *4 (M.D. Fla. May 12, 2008) ("An SDM is not a medical professional of any stripe, and a finding from such an individual is entitled to no

---

[5] The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

weight as a medical opinion, nor to consideration as evidence from other non-medical sources." (internal quotation marks omitted)); *Casey v. Astrue*, 2008 WL 2509030, *4 n.3 (S.D. Ala. June 19, 2008) ("[A]n RFC assessment completed by a disability specialist is entitled to no weight.").

In light of the foregoing, the Court finds the ALJ's physical RFC finding not supported by substantial evidence. However, this is not the only problem associated with the ALJ's RFC finding. Here, the ALJ erred in failing to set forth the limitations associated with Orange's admittedly severe mental impairment of borderline intellectual functioning (*compare* Tr. 13 ("**The claimant has the following severe impairments: . . . borderline intellectual functioning**[.]") *with* Tr. 15 ("**The claimant's residual functional capacity [for the full range of light work] is not further reduced as the result of other non-exertional limitations**.") and Tr. 38 (in posing hypothetical to the vocational expert, the ALJ specially indicated that there are "no mental limitations.")) even though the evidence of record supports such limitations (*see* Tr. 252 (moderate difficulties in maintaining concentration, persistence and pace noted) & Tr. 258 ("Claimant has the ability to understand, remember, and carry out very short and simple instructions. She can attend for two hour period.")). This Court is unsure whether the ALJ's failure in this regard stems from the fact that he did not complete and append to his decision a PRTF (or incorporate its mode of analysis into his findings and conclusions)[6]

---

[6] *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF, append it to the decision, or incorporate its mode of (Continued)

or whether he simply felt no need to make any mention whatsoever in his decision of any of the evidence related to plaintiff's borderline intellectual functioning (*compare* Tr. 15-20 (ALJ's discussion of evidence in case contains no analysis of borderline intellectual functioning evidence) *with* Tr. 241-258 (borderline intellectual functioning evidence)) after noting that it was a severe impairment.[7] Whatever the reason for the ALJ's failure in this regard, it is clear that this cause need be remanded since the ALJ's failure to set forth and consider the limitations caused by Orange's borderline intellectual functioning makes the hypothetical posed to the VE incomplete and thereby undermines the fifth-step denial of benefits. *Compare Pendley, supra,* 767 F.2d at 1562 ("'[U]nless there [is] vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical [and mental] limitations, the decision of the ALJ, based significantly upon the expert testimony, would be unsupported by substantial evidence.'") *with Grissom v. Barnhart*, 416 F.3d 834, 837 (8th Cir. 2005) ("'We have previously concluded that borderline intellectual functioning, if supported by the record as it is here, is a significant nonexertional impairment that must be considered by a vocational expert.'").

---

analysis into his findings and conclusions[, and the] [f]ailure to do so requires remand."). In truth, this case could be remanded solely on the basis of *Moore*.

    [7]    "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). Basic work activities include "[u]nderstanding, carrying out, and remembering simple instructions" and "[u]se of judgment[.]" *Id*. at (b)(3)-(4).

# CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g),[8] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 1st day of April, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."